**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MATTHEW F.[1],<br>*Plaintiff*,<br><br>v.<br><br>FRANK BISIGNANO, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>) | 3:25-CV-894 (SVN)<br><br><br><br><br><br>October 20, 2025 |

**RULING ON PLAINTIFF'S MOTION TO REVERSE OR EMAND AND DEFENDANT'S MOTION TO AFFIRM DECISION OF COMMISSIONER**

Sarala V. Nagala, United States District Judge.

Plaintiff Matthew F. filed an application for disability insurance benefits under Title II of the Social Security Act, alleging a disability beginning May 29, 2020. Tr., ECF No. 18, at 22. Plaintiff appeals the unfavorable decision of an Administrative Law Judge ("ALJ") to this Court. Specifically, Plaintiff argues that the ALJ improperly relied on Vocational Expert testimony to find that Plaintiff may successfully adjust to work that exists in significant numbers in the national economy; and that the ALJ erred in assessing a medical opinion for purposes of formulating the residual functional capacity ("RFC"). For the following reasons, Plaintiff's motion to reverse, or in the alternative, remand, is DENIED, and the Commissioner's motion to affirm the decision of the Commissioner is GRANTED.

## I. FACTUAL BACKGROUND

The Court assumes the parties' familiarity with Plaintiff's relevant medical history, as described in the body of Defendant's motion, *see* Def.'s Br., ECF No. 29-1 at 3–6, and which the

---

[1] In opinions issued in cases filed pursuant to § 205(g) of the Social Security Act, 42 U.S.C § 405(g), this Court will identify and reference any non-governmental party solely by first name and last initial, in order to protect the privacy interest of social security litigants while maintaining public access to judicial records. *See* Standing Order – Social Security Cases (D. Conn. Jan. 8, 2021).

Court adopts and incorporates by reference. The Court also assumes the parties' familiarity with the five sequential steps used in the analysis of disability claims, the ALJ's opinion, and the record. The Court will only cite portions of the record and the legal standards necessary to explain its decision.

## II. LEGAL STANDARD

It is well-settled that a district court will reverse the decision of the Commissioner only when it is based upon legal error or when it is not supported by substantial evidence in the record. *See, e.g.*, *Greek v. Colvin*, 802 F.3d 370, 374–75 (2d Cir. 2015) (*per curiam*); 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "If there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (*per curiam*) (internal quotation marks and citation omitted). Put another way, "once an ALJ finds facts," a court may "reject those facts 'only if a reasonable factfinder would *have to conclude otherwise*.'" *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis in original) (quoting *Warren v. Shalala*, 29 F.3d 1287, 1290 (8th Cir. 1994)).

## III. DISCUSSION

The Court focuses its inquiry solely on the grounds challenged by the Plaintiff, because Plaintiff has waived any arguments as to other aspects of the ALJ's decision. *See Vilardi v. Astrue*, 447 F. App'x 271, 272 n.2 (2d Cir. 2012) (summary order). Ultimately, the Court concludes that

Plaintiff's motion to reverse the Commissioner's decision and remand must be denied, and the Commissioner's motion to affirm should be granted.

A. <u>The VE's Testimony</u>

First, the Court finds that there is adequate support for the step-five conclusion that Plaintiff can perform a job existing in significant numbers in the national economy.

At step five of the sequential evaluation, the ALJ must determine whether there is any work the claimant can perform. *See* 20 C.F.R. § 404.1520(g) (noting the ALJ will consider the claimant's residual functional capacity ("RFC") and vocational factors such as age, education, and work experience). Once Plaintiff shows that his impairment prevents him from performing past jobs (which Plaintiff showed here, Tr. 35, 71), "the burden shifts to the Commissioner to prove the final step," i.e., "the existence of jobs in the national economy" and plaintiff's ability to perform those jobs. *Hamilton v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 223, 227, 229 (N.D.N.Y. 2015). To do so, the ALJ evaluates whether the claimant can perform jobs that "exist in significant numbers either in the region where [claimant] lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A); *see also* 20 C.F.R. § 404.1566(a) ("[W]ork exists in the national economy when it exists in significant numbers either in the region where [claimant] live[s] or in several other regions of the country. It does not matter whether (1) Work exists in the immediate area in which you live; (2) A specific job vacancy exists for you; or (3) You would be hired if you applied for work."); 20 C.F.R. § 404.1566(b) ("Isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where you live are not considered 'work which exists in the national economy.'").

Here, the ALJ accepted the testimony of a Vocational Expert ("VE") to support his finding at step five, Tr. 35–38, which the Court concludes provides sufficient evidence for the ALJ's determination that a significant number of jobs exist in the economy that Plaintiff can perform.

"The Second Circuit has held that, in reviewing the testimony of a VE, courts should apply a 'typical "substantial evidence"' analysis by 'reviewing the entirety of a VE's testimony, including the expert's methods, to make sure it [rises] to the level of "substantial" evidence.'" *Sena v. Berryhill*, No. 3:17-CV-912 (MPS), 2018 WL 3854771, at *15 (D. Conn. Aug. 14, 2018) (quoting *Brault*, 683 F.3d at 450). The VE in this case identified three jobs that Plaintiff could perform, given his RFC: (1) document preparer, microfilm (14,165 positions); (2) parimutuel ticket-checker (8,539 positions); and (3) surveillance system monitor (3,081 positions). Tr. 71–72. The VE also acknowledged that although technology and "advanced tools" have modernized these jobs, "the job tasks, materials, [and] potential duties" of each remain the same. Tr. 73. Plaintiff argues that these occupations are obsolete, and that the ALJ thus lacked support for his step-five finding. The Court concludes that the VE's testimony provides sufficient evidence to conclude that Plaintiff can perform a job that exists in significant numbers in the national economy.

First, the Court rejects Plaintiff's argument that the document preparer position is obsolete. Although Courts in this circuit have criticized the document preparer position as obsolete,[2] this has generally provided a basis for remand only when the VE fails to acknowledge changes to the job prompted by technology. *Compare, e.g.*, *Melanie V. v. Comm'r of Soc. Sec.*, No. 23-CV-973S, 2024 WL 3337924, at *5 (W.D.N.Y. July 9, 2024) (remanding because the "Vocational Expert here has not explained whether this occupation includes more contemporary tasks") *with Sena*,

[2] Plaintiff cites to *Jaret B. v. Comm'r of Soc. Sec.*, No. 1:22-CV-0896-CJS, 2024 WL 1014051 (W.D.N.Y. Mar. 8, 2024). *See* ECF No. 22-2 at 11. There, the court noted in the factual background that "[t]he ALJ even offered two jobs of his own (surveillance system monitor and document preparer), to which the VE testified that the jobs were obsolete and no longer existed." *Id.* at *5. But this Court need not defer to unexplained VE testimony presented in another case, where the ALJ prompted the VE to opine on those jobs and there was, as a result, testimony from the VE that the jobs were obsolete. *See Jaret B.*, 2024 WL 1014051, at *5. The Court recognizes that other courts have held that the position of document preparer to be obsolete, however. *See Bobby R. v. Comm'r of Soc. Sec.*, No. 5:23-CV-590 (MAD/ML), 2024 WL 3735876, at *9 (N.D.N.Y. July 8, 2024) (collecting cases).

2018 WL 3854771, at *16 (declining to remand where the VE testified based on experience that the document preparer job is "performed differently in the current labor market"). Here, the VE acknowledged the modernized version of the document preparer position—albeit somewhat nondescriptly. *See* Tr. 73 ("certainly technology has advanced tools would now be more modernized . . . [b]ut the job tasks, the materials, potential duties of these occupations remain the same, yes"). Thus, in contrast to cases where "the VE based his testimony on the nature of the document preparer position solely on the outdated job description" in the Dictionary of Occupational Titles, *see Corey S. v. Comm'r of Soc. Sec.*, No. 5:20-CV-0678 (ML), 2021 WL 2935917, at *11 (N.D.N.Y. July 13, 2021), the VE here acknowledged that the job of document preparer may be affected by developments in technology.

Additionally, the VE here testified that he used "SkillTRANs JobBrowser Pro" to determine the number of jobs in the national economy for each of the three positions, Tr. 74, and "courts have deemed SkillTRAN and JobBrowser Pro as sources that provide reliable and sufficient evidence to support a VE's opinion about the number of jobs available in the national economy." *Tarik F. v. Commissioner of Social Security*, No. 24 CIV. 10032 (SLC), 2026 WL 381801, at *11 (S.D.N.Y. Feb. 11, 2026) (collecting cases). Because the VE testified to the existence of 14,165 document preparer positions across the national economy, Tr. 71, the ALJ's finding that Plaintiff can perform a job that exists in significant numbers is supported by this job alone. *Hanson v. Comm'r of Soc. Sec.*, No. 3:15-CV-0150 (GTS/WBC), 2016 WL 3960486, at *13 (N.D.N.Y. June 29, 2016), *report and recommendation adopted sub nom. Hanson v. Colvin*, 2016 WL 3951150 (N.D.N.Y. July 20, 2016) (courts have held that numbers varying from 9,000 upwards constituted 'significant'"); *Jeffery Z. v. Kijakazi*, No. 3:21-CV-1458 (MPS) (TOF), 2023 WL 8115041, at *18 n.6 (D. Conn. Feb. 21, 2023) (noting that cases have found that numbers

between 9,000 and 10,000 nationally have typically met the Commissioner's burden at step five). Because the ALJ's conclusion is adequately supported by the VE's testimony as to the document preparer position, the Court need not address Plaintiff's arguments as to the obsolescence of the surveillance system monitor and parimutuel ticket-checker positions.

Plaintiff also argues that the VE's testimony falls short in three other respects, which the Court does not find persuasive. First, Plaintiff argues that the ALJ did not satisfy the heightened inquiry requirements of Social Security Administration Emergency Message 24-027[3] ("EM 24027"). For certain occupations—including document preparer—EM 24027 requires the ALJ "to obtain additional evidence that the occupation's requirements, as presently performed, are consistent with the claimant's RFC and that the position still exists in the national economy in numbers that alone, or in combination with other representative occupations, are significant." *Oswaldo N. v. Comm'r of Soc. Sec.*, No. 1:24-CV-07970 (GRJ), 2025 WL 2062702, at *9 (S.D.N.Y. July 23, 2025). But, as the Commissioner points out, EM 24027 did not apply to the ALJ's decision because it was not yet in effect.[4] And, in any event, the VE likely satisfied EM 24027 by relying on his experience to confirm that the duties of these jobs are consistent despite technological changes and specifying that the job numbers come from SkillTran/Job Browser Pro. *See, e.g.*, *Tarik F.*, 2026 WL 381801, at *10.

Second, Plaintiff is mistaken that the VE's identification of national job numbers without regional or local availability constitutes reversible error. *See* ECF No. 22-2 at 16. As explained in one of Plaintiff's cited cases, "[w]hen there are *such low* numbers of relevant jobs in the national

[3] Social Security Administration, *Emergency Message*, EM-24027 REV, https://secure.ssa.gov/apps10/reference.nsf/links/01062025092030AM (last visited October 20, 2026).
[4] The ALJ's decision was published on June 14, 2024, Tr. 39, while EM 24027 was effective on June 22, 2024, *see* Social Security Administration, *Superseded Titles – 02*, https://secure.ssa.gov/apps10/reference.nsf/links/11262024084954AM (last visited October 19, 2026) (PDF at page two showing EM 24027's effective date as 6/22/2024).

economy, courts tend to look to the regional numbers or local availability of those job titles." *Bobby R. v. Commissioner of Social Security*, No. 5:20-CV-875 (FJS), 2022 WL 112032, at *11 (N.D.N.Y. Jan. 12, 2022) (emphasis added). In that case, the VE identified six occupations with job numbers between 998 and 3,725, which only passed the "substantial" threshold when aggregated together. *Id.* The same is true for Plaintiff's other primary case on this issue. *See Terri G. v. Comm'r of Soc. Sec.*, No. 3:18-CV-0066 (CFH), 2019 WL 1318074, at *11 (N.D.N.Y. Mar. 22, 2019) ("Indeed, the four jobs identified by the VE constitute a total of only 9,493 jobs in the national economy."); *see also Wayne M. v. Saul*, No. 3:20-CV-00465 (SALM), 2021 WL 1399777, at *17 (D. Conn. Apr. 14, 2021) (observing that while 9,000 jobs nationally may constitute a significant number, 8,000 does not). Given that the VE testified there were more than 14,000 document preparer positions nationwide standing alone, it was not necessary to resort to regional availability for such positions.

Third, the VE's testimony was not fatally contradictory. Plaintiff contends that the VE's testimony is contradictory because the VE stated that he does not know whether Job Browser's data includes obsolete occupations, but still opined that the "job tasks, the materials, [and] potential duties of these occupations remain[ed] the same." ECF No. 22-2 at 20–21; Tr. at 72–73. The Court fails to see how these two statements are contradictory. And, in any event, the rule upon which Plaintiff relies for this argument states that when the VE "provides evidence about the requirements of a job or occupation" and there is "an apparent unresolved conflict" between the VE's testimony and the Dictionary of Occupational Titles, "the ALJ must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4P, 2000 WL 1898704 (Dec. 4, 2000) (effective through January 5, 2025). Because the VE here testified that the duties of the

occupations at issue in this case are the same in the modern economy as they were since the DOT's last update—despite changes in technology—Plaintiff fails to identify a conflict requiring resolution under this rule.

Accordingly, because the VE's testimony as to the document preparer position is adequate to support a conclusion that Plaintiff can perform the job, and it exists in significant numbers in the national economy, the Court affirms the ALJ's step-five conclusion.

B. <u>Dr. Hillbrand's Opinion</u>

Next, the Court holds that the ALJ properly considered the persuasiveness of the psychological consultative examiner, Dr. Hillbrand.

Consultative examinations are "purchased for [the claimant] at [the Social Security Administration's] request and expense from a treating source or another medical source." 20 C.F.R. § 404.1519. In evaluating the persuasiveness of medical opinions, the Commissioner shall consider factors including: (1) supportability; (2) consistency; (3) relationship with the claimant, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; and (4) specialization. 20 C.F.R. §§ 404.1520c(a), (c)(1)-(5). In particular, an ALJ must address supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). Additionally, an ALJ must "articulate how he considered the medical opinions" and "how persuasive he finds all of the medical opinions." *Raymond M. v. Commissioner*, No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *4 (N.D.N.Y. Feb 22, 2021) (citing 20 C.F.R. § 404.1520c(a) & (b)).

Here, the ALJ determined that the opinions of Dr. Hillbrand were partially persuasive. Tr. 33. First, the ALJ found Dr. Hillbrand's opinions persuasive as to his conclusion "that the claimant had mild to moderate mental impairments" and as to Plaintiff's "psychological diagnoses." *Id.* The ALJ found those opinions were supported by the "thorough interview of the claimant" and

"consistent with the overall functioning of the claimant." *Id.* Second, the ALJ determined that the assessment's persuasiveness was limited by the lack of a longitudinal relationship between Plaintiff and Dr. Hillbrand, the assessment's basis in just one telehealth meeting, and the general lack of behavioral health treatment records. *Id.*

Plaintiff argues that "the ALJ's evaluation of Dr. Hillbrand's consultative examination is internally inconsistent and legally insufficient," that the ALJ did not clearly articulate what he accepted or rejected from the examination, and that the examination's basis in a single evaluation does not render it unpersuasive. ECF No. 22-2 at 25–28. Plaintiff contends that this erroneous handling of the opinion is not harmless because it directly impacted the residual functional capacity ("RFC") assessment. *Id.* at 27–28.

To start, the Court does not agree with Plaintiff that the ALJ's ruling is internally inconsistent, as it adequately explains that some portions of Dr. Hillbrand's opinion were persuasive and others were not, rendering the opinion, by definition, partially persuasive.

Additionally, the ALJ did not err in finding that Dr. Hillbrand's opinion was only partially persuasive because Dr. Hillbrand lacked a longitudinal relationship with Plaintiff. Under the governing regulations, the length and extent of the treatment relationship and the frequency of examinations are subfactors that the ALJ must consider in assessing the provider's relationship with the claimant. *See* 20 C.F.R. § 404.1520c(c)(3). Thus, the fact that the consultative examiner saw Plaintiff only once was a proper basis to discount, at least in some respects, the persuasiveness of his opinion. *See Estrella v. Berryhill*, 925 F.3d 90, 98 (2d Cir. 2019) (deciding, under pre-2017 treating physician rule, that "a one-time snapshot of a claimant's status" provided by a consultative physician may not be indicative of her longitudinal mental health"); *Selian v. Astrue*, 708 F.3d 409, 419 (2d Cir. 2013) (holding, in a treating physician rule case, that "[w]e have previously

cautioned that ALJs should not rely heavily on the findings of consultative physicians after a single examination.").

Finally, the Court cannot find that the ALJ erred in formulating the RFC to allow for performance of "routine, repetitive tasks, that include up to 2-3 steps per task, involving detailed but uninvolved instructions that can be learned in 30 days or less," and work that does not require direct interaction with the public. Tr. 27. The ALJ is required to formulate the RFC based on all relevant evidence in the record. *See* 20 C.F.R. § 404.1545(a); *see also Morales v. Berryhill*, 484 F. Supp. 3d 130, 145 (S.D.N.Y. 2020). Dr. Hillbrand found that Plaintiff had mild impairment in the areas of making judgments on simple and complex work-related decisions; understanding and remembering complex instructions; and carrying out complex instructions and, as noted, the ALJ found his opinion partially persuasive. Tr. 33, 783. In line with this assessment, the ALJ's RFC formulation accounted for these mild limitations by limiting Plaintiff to routine, repetitive tasks of only two to three steps that require following uninvolved instructions. Tr. 27. And while the RFC did not speak to interaction with supervisors and co-workers—as to which Dr. Hillbrand opined Plaintiff had a "moderate" limitation—the Court cannot find that the RFC was unsupported by substantial evidence. Dr. Hillbrand's limited interaction with Plaintiff is a basis for finding his opinion only partially persuasive and, in any event, "courts have found mild and/or moderate mental limitations are consistent with the ability to perform unskilled work." *Shania W. v. Comm'r of Soc. Sec.*, No. 1:19-CV-00104, 2021 WL 3131182, at *4 (W.D.N.Y. July 23, 2021); *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (finding that a claimant with moderate limitations can perform unskilled work); *Whipple v. Astrue*, 479 F. App'x 367, 370 (2d Cir. 2012) (finding that consultative examiner's opinions of mild and moderate impairment in certain areas ultimately supported an RJC that involved simple tasks).

To the extent Plaintiff believes a more restrictive RFC was appropriate, it is his burden to demonstrate as much, and he has not sustained it. *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (recognizing that the claimant has the burden of proving his case at steps one through four, including the RFC determination).

## IV. CONCLUSION

For the reasons described herein, Plaintiff's motion for reversal and remand is DENIED, and the Commissioner's motion for affirmance is GRANTED.

**SO ORDERED** at Hartford, Connecticut, this 20th day of October, 2026.

*/s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE